Paul P. Cheng (SBN: 239566)
Kenneth Leong (SBN: 231076)
PPRC LAW, APC
790 E. Colorado Blvd., Ste. 700
Pasadena, CA 91101
Tel: 626-356-8880 Fax: 888-213-8196
litigation@pprclaw.com
*Attorneys for Plaintiff BLUEVISTA INTERNATIONAL, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUEVISTA INTERNATIONAL, LLC, dba WORLD CLASS VENDING,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX CORPORATION, and DOES 1 to 10,<br><br>Defendant. | Case No. 5:25-cv-03483-SRM-SSC<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff BlueVista International, LLC dba World Class Vending ("Plaintiff" or "BlueVista"), by and through its attorneys of record, alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. Plaintiff is, and at all relevant times was, a limited liability company whose sole member is Jason Rojas, a citizen of the State of California. Accordingly, Plaintiff BlueVista International, LLC is a citizen of California

for purposes of 28 U.S.C. § 1332(a). Defendant FedEx Corporation ("FedEx") is, on information and belief, a corporation organized under the laws of the State of Delaware with its principal place of business in Tennessee. The amount in controversy exceeds $75,000 because Plaintiff seeks damages arising from FedEx's premature termination of a long-term written vending-services contract, buyout damages under the contract, property damage, loss of inventory, consequential damages, interest, and attorney's fees where recoverable.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including at the FedEx facility located at 3371 E. Francis Street, Ontario, California 91761. The written agreement attached to the original state complaint concerns that Ontario location.

3. This action was originally filed in the Superior Court of California, County of San Bernardino, as Case No. CIVSB2516769, and was removed by FedEx to this Court. The original state complaint alleged a written contract claim by BlueVista International, LLC dba World Class Vending against FedEx Corporation arising from the Ontario vending service agreement.

## II. PARTIES

4. Plaintiff BlueVista International, LLC dba World Class Vending is, and at all relevant times was, a limited liability company doing business as World Class Vending. Plaintiff is engaged in the business of installing, servicing, stocking, and operating automated markets, vending machines, coolers, kiosks, and related self-checkout systems.

5. Defendant FedEx Corporation is, and at all relevant times was, a corporation doing business in California, including in Ontario, California.

6. Plaintiff does not know the true names or capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues them by such fictitious

names. Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant was in some manner responsible for the occurrences alleged herein, and that Plaintiff's damages were proximately caused by such Defendants. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times each Defendant, including each Doe Defendant, was the agent, servant, employee, alter ego, affiliate, representative, parent, subsidiary, manager, or joint venturer of each other Defendant, and in doing the things alleged herein was acting within the course and scope of such relationship and with the knowledge, authorization, and ratification of the others.

## III. GENERAL ALLEGATIONS

8. On or about May 21, 2020, Plaintiff and FedEx entered into a written Vending Service Agreement for the FedEx location at 3371 E. Francis Street, Ontario, California 91761 (the "Ontario Agreement" or "Agreement"). The removed state complaint alleged the same agreement date and attached the Agreement as Exhibit A.

9. Under the Agreement, Plaintiff was granted the right to install and operate automated markets and/or vending machines, including related self-checkout systems and equipment, at the Ontario FedEx location. The Agreement states that FedEx agreed to permit only Plaintiff's installed automated markets and/or vending machines/coffee machines to operate at the location, thus providing Plaintiff an exclusive vending-services arrangement there.

10. The Agreement provided an initial twenty-month term beginning May 21, 2020 and expiring May 21, 2022, and further provided for automatic renewal for additional periods absent timely contrary written notice.

a. FedEx would not itself, and would not permit another party to, repair, service, maintain, replace, relocate, move, remove, stock, or access Plaintiff's automated markets;

b. FedEx would promptly notify Plaintiff of any need for repair or service and of any consumer complaints;

c. In the event of a material breach, the non-breaching party would provide written notice, a ninety-day cure period, and only if the default was not cured within that time could the non-breaching party terminate upon an additional ninety days' prior written notice;

d. If FedEx wished to terminate prior to completion of the term or renewal term absent a failure to cure non-performance, FedEx was required to pay a contractual buyout amount computed as 80% of the average monthly gross sales multiplied by the number of months remaining in the term, plus any additional implementation consideration; and

e. Upon termination, FedEx was required to permit Plaintiff reasonable access to the location, free from claims of trespass, to remove Plaintiff's automated markets and other property within thirty days.

11. Plaintiff performed under the Agreement. Plaintiff installed automated market and vending equipment, stocked inventory, serviced the Ontario location, and incurred substantial expense in reliance on the Agreement.

12. In reliance on the continuing Agreement, Plaintiff invested in equipment, self-checkout technology, related systems, shelving, inventory, and labor associated with the Ontario location. Plaintiff's documented equipment and system purchases for the Ontario setup included approximately $16,849.77 for machine equipment and approximately $7,373.55 for self-checkout/camera-related systems, exclusive of product and other related losses.

13. Plaintiff regularly serviced the Ontario location, including weekly or twice-weekly servicing as needed, and maintained invoices, photographs, and service-related records concerning the location. Plaintiff is informed and believes, and on that basis alleges, that aside from isolated scan/product issues, there were no Ontario complaints in

March and April 2025 based on Plaintiff's records sufficient to justify immediate termination or removal.

14. Despite the Agreement, FedEx later took the position that Plaintiff was in material breach and/or that the Agreement was not enforceable as Plaintiff understood it. The original state complaint similarly alleged that FedEx breached by "claiming defendant had not entered into the written contract" and by breaching the terms of the written agreement.

15. On or about March 26, 2025, FedEx, through counsel, sent correspondence purporting to terminate the Ontario Agreement effective immediately, asserting material breach and directing Plaintiff to arrange retrieval of property and equipment within thirty days, on threat that failure to do so would constitute abandonment. Plaintiff alleges this as an immediate termination letter sent by FedEx counsel Daniel T. French to Plaintiff's counsel and describe it as inconsistent with the Agreement's cure and termination provisions.

16. FedEx's purported immediate termination was not authorized by the Agreement because, among other reasons, FedEx did not honor the contractual cure and termination process and did not pay the contractual early-termination buyout required for premature termination without a failure to cure.

17. In or around spring 2025, and in any event before Plaintiff was afforded the contractual benefit of the cure and removal provisions, FedEx and/or persons acting at FedEx's direction removed, caused the removal of, interfered with, or allowed the removal of Plaintiff's products from the Ontario market. Plaintiff is informed and believes, and on that basis alleges, that by May 14, 2025 the Ontario market was already empty and that the market's inactive condition was attributable to FedEx's actions, not Plaintiff's abandonment of the site.

18. On or about May 14, 2025, a third-party surveillance/contact associated with Plaintiff's camera systems emailed that the shelves at "FedEx One Ontario" had

been empty for some time, asking whether the location was temporarily closed or whether something else was going on. Plaintiff alleges this email as corroborating that the market had been emptied out.

19. FedEx did not have the right under the Agreement to remove, stock, access, relocate, move, or otherwise interfere with Plaintiff's automated markets and related property. Nor did FedEx have the right to declare abandonment in contravention of the Agreement's express termination and removal provisions while simultaneously depriving Plaintiff of the benefit of those same provisions.

20. As a direct and proximate result of FedEx's conduct, Plaintiff suffered damages including, without limitation, loss of the benefit of the bargain, unpaid contractual buyout damages, loss of inventory, damage to or loss of equipment and systems, labor and implementation losses, disruption to business operations, lost profits according to proof, investigation and remediation expenses, and other consequential damages.

21. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed under the Agreement, except for those excused, prevented, or rendered impossible by Defendants' conduct.

22. BlueVista's relationship with FedEx was not limited to the Ontario facility. Beginning no later than 2021, BlueVista entered into and performed under multiple written vending and/or automated-market service agreements for additional FedEx facilities in Southern California, including San Bernardino, San Bernardino Airport, Palm Springs, Temecula, and San Diego. On information and belief, each such agreement granted BlueVista the right to install and operate vending and/or self-checkout market equipment at the applicable facility and was signed by local FedEx management acting with actual or ostensible authority.

23. The San Bernardino Airport agreement, for example, was signed on or about December 13, 2021, and the San Diego agreement was signed on or about

November 21, 2022. BlueVista is informed and believes that the other FedEx locations were governed by similar written service agreements and operating arrangements.

24. Prior to the breakdown in 2025, BlueVista performed satisfactorily for FedEx and was sufficiently well regarded that one or more FedEx locations referred BlueVista to additional FedEx sites, including San Diego. These referrals are inconsistent with any claim that BlueVista had been systemically failing to service FedEx locations before the events alleged herein.

25. After FedEx's March 26, 2025 immediate termination of the Ontario Agreement, FedEx began a ripple-effect course of conduct affecting other BlueVista-serviced FedEx locations, including San Bernardino, San Bernardino Airport, Palm Springs, Temecula, and San Diego. Plaintiff is informed and believes, and thereon alleges, that after Ontario, FedEx personnel at additional sites either demanded removal of Plaintiff's equipment, interfered with Plaintiff's continued contractual performance, withheld the benefit of existing agreements, or otherwise acted in concert with the Ontario termination decision.

26. The facts presently known to BlueVista concerning those additional locations vary by site. At San Bernardino, BlueVista contends FedEx engaged in follow-on breach conduct after Ontario. At San Bernardino Airport, BlueVista contends FedEx likewise acted inconsistently with BlueVista's service agreement there, although that location appears to have handled Plaintiff's equipment differently. At Palm Springs, FedEx instructed BlueVista to remove its property, and BlueVista was able to recover most of its items except certain camera-system property. BlueVista alleges these facts not to overstate site-specific damages at this stage, but to show FedEx's broader course of conduct and to preserve amendment as discovery proceeds.

27. Irvine remained an active BlueVista account, but FedEx personnel there gave notice suggesting an intent to terminate before the contract expired. BlueVista threatened legal action, after which Irvine did not complete a termination at that time.

Plaintiff alleges the Irvine facts as further evidence of pressure and threatened interference, not presently as a completed breach claim.

28. Plaintiff is further informed and believes, and thereon alleges, that FedEx, through its local managers, facilities personnel, operations personnel, and/or other agents, terminated, obstructed, interfered with, refused access to, demanded removal of, failed to preserve, damaged, converted, disposed of, or otherwise impaired Plaintiff's contractual and property rights at one or more of these additional FedEx locations.

29. Plaintiff alleges damages according to proof for each affected location, including contractual buyout damages, unpaid invoices, lost revenue, equipment and fixture damages, inventory loss, removal and reinstallation costs, loss of use, interest, attorney's fees where authorized, and costs.

**FIRST CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT**

**(ONTARIO AGREEMENT AND OTHER FEDEX LOCATION AGREEMENTS AGAINST ALL DEFENDANTS)**

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. This cause of action is based on FedEx's breach of the written Ontario Agreement and, on information and belief, FedEx's breach of additional written vending, automated-market, coffee, water, and/or related service agreements governing other FedEx locations, including San Bernardino/RIVA, San Bernardino Airport, Palm Springs, Temecula, San Diego, and other FedEx locations according to proof.

32. Plaintiff and FedEx entered into the written Ontario Agreement on or about May 21, 2020 and, on information and belief, entered into additional written vending and/or automated-market service agreements for FedEx locations including San Bernardino, San Bernardino Airport, Palm Springs, Temecula, and San Diego. The Ontario Agreement is attached as Exhibit A. The additional agreements were separately

executed by FedEx location management and are within the possession, custody, or control of the parties.

33. Under these agreements, Plaintiff was authorized to install, stock, service, maintain, and retrieve Plaintiff-owned vending machines, automated-market equipment, coffee equipment, water equipment, fixtures, inventory, and related property at FedEx locations.

34. Plaintiff performed, or was excused from performing, all conditions, covenants, and obligations required of it under the Ontario Agreement and the other FedEx location agreements, except to the extent performance was prevented, obstructed, or excused by FedEx's conduct, including termination, refusal of access, demands for removal, interference with service, failure to preserve Plaintiff's equipment and inventory, disposal or conversion of Plaintiff's property, and refusal to honor contractual buyout, payment, access, and removal obligations.

35. Defendants breached the Ontario Agreement and one or more of the other FedEx location written agreements by, among other things:

a. purporting to terminate or undermine the agreements without honoring contractual notice, cure, and termination procedures;

b. refusing or obstructing Plaintiff's access to service, maintain, stock, rotate, and retrieve its equipment and inventory;

c. demanding removal without honoring applicable buyout or payment obligations;

d. failing to preserve Plaintiff's equipment and property;

e. failing to honor exclusivity and noninterference obligations;

f. failing to permit reasonable retrieval of Plaintiff's property;

g. damaging, disposing of, converting, or otherwise impairing Plaintiff's equipment, fixtures, inventory, and related property;

h. failing to pay amounts due; and

i. replacing or attempting to replace Plaintiff while refusing to honor the parties' contractual exit obligations.

The Ontario breach is pleaded with particularity based on the documents presently available. Plaintiff alleges the additional FedEx location breaches based on written agreements, course-of-performance records, invoices, communications, service records, and location-specific documents presently known to Plaintiff. Discovery is expected to further confirm FedEx's internal handling, authority, and site-specific termination/removal conduct.

36. Plaintiff was damaged by Defendants' breaches in an amount according to proof, including but not limited to contractual buyout damages, unpaid invoices, lost revenue, equipment and fixture damages, inventory loss, removal and reinstallation costs, loss of use, lost profits, consequential damages, interest, and other recoverable damages.

37. Plaintiff is entitled to recover attorney's fees and costs to the extent authorized by the Agreement and/or applicable law.

**SECOND CAUSE OF ACTION**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(ONTARIO AGREEMENT AND OTHER FEDEX LOCATION AGREEMENTS AGAINST ALL DEFENDANTS)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Every contract under California law contains an implied covenant of good faith and fair dealing.

40. Under the Ontario Agreement and the other FedEx location agreements, Defendants had a duty not to do anything to unfairly interfere with Plaintiff's right to receive the benefits of those agreements, including Plaintiff's rights to continue servicing the locations, receive the benefit of contractual notice/cure protections, recover

contractual buyout amounts where applicable, and retrieve or protect Plaintiff-owned equipment and inventory.

41. Defendants breached the implied covenant by, among other things:

a. invoking default and immediate termination in a manner inconsistent with the contract's cure and termination structure;

b. using purported complaints or alleged defaults as a pretext to strip Plaintiff of the benefit of the bargain;

c. frustrating Plaintiff's right to exclusive vending, automated-market, coffee, water, and/or related service rights at the Ontario location and other affected FedEx locations;

d. depriving Plaintiff of the practical ability to recover and protect its equipment and inventory;

e. imposing forfeiture and abandonment consequences not permitted by the parties' actual bargain; and

f. replacing Plaintiff and/or appropriating the benefit of Plaintiff's installed market while refusing to honor the agreement's buyout and exit provisions.

42. Defendants' conduct unfairly frustrated Plaintiff's right to receive the benefits of the Ontario Agreement and the other FedEx location agreements.

43. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## CONVERSION
## AGAINST ALL DEFENDANTS

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff owned, possessed, or had the immediate right to possess the equipment, self-checkout components, vending machines, coffee equipment, water

equipment, fixtures, surveillance-related components, saleable inventory, and related property installed and maintained at the Ontario location and other affected FedEx locations.

46. Defendants intentionally and substantially interfered with Plaintiff's property by taking possession of it, exercising dominion and control over it, barring or limiting Plaintiff's access to it, moving or removing it, disposing of it, authorizing others to do so, and/or treating it as abandoned.

47. Defendants' conduct was wrongful and without Plaintiff's consent.

48. Plaintiff demanded return of its property and/or had the immediate right to recover it pursuant to the Ontario Agreement, the other FedEx location agreements, and general law, but Defendants failed and refused to return it in full, or returned it only partially after wrongful interference and damage had already occurred, or caused it to be lost, diminished, or disposed of.

49. As a direct and proximate result of Defendants' conversion, Plaintiff suffered damages in an amount to be proven at trial, including the fair market value of the converted property, loss of use, and other consequential damages.

## FOURTH CAUSE OF ACTION
## TRESPASS TO CHATTELS
## AGAINST ALL DEFENDANTS

50. Plaintiff incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff owned, possessed, or had the right to possess the chattels described above.

52. Defendants intentionally interfered with Plaintiff's possession of those chattels by moving, accessing, tampering with, withholding, relocating, or otherwise intermeddling with them without authorization.

53. Defendants' interference impaired the condition, quality, and/or value of Plaintiff's property and deprived Plaintiff of its use for a substantial period of time.

54. As a direct and proximate result of Defendants' trespass to chattels, Plaintiff suffered damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(ONTARIO AGREEMENT AND OTHER FEDEX LOCATION AGREEMENTS AGAINST ALL DEFENDANTS)**

55. Plaintiff incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties under the Ontario Agreement, including but not limited to:

a. whether FedEx validly terminated the Ontario Agreement;

b. whether FedEx complied with the agreement's notice, cure, and termination provisions;

c. whether FedEx owed Plaintiff a contractual buyout for premature termination;

d. whether FedEx had any right to declare Plaintiff's property abandoned; and

e. the scope of Plaintiff's rights to recover damages, property value, and contractual relief arising out of FedEx's conduct.

57. An actual controversy also exists concerning the parties' respective rights and duties under the other FedEx location agreements, including whether FedEx validly terminated, interfered with, obstructed performance under, demanded removal under, refused access under, failed to preserve property under, or refused to honor buyout, access, payment, and removal obligations arising from the San Bernardino, San

Bernardino Airport, Palm Springs, Temecula, San Diego, and other FedEx locations according to proof.

58. Plaintiff contends that FedEx did not validly terminate the Ontario Agreement or the other FedEx location agreements in the manner required by the applicable contracts; that FedEx interfered with, obstructed, or impaired Plaintiff's contractual performance and property rights at one or more FedEx locations; that FedEx owed and continues to owe contractual, buyout, access, payment, equipment-preservation, and property-based obligations to Plaintiff; and that Plaintiff is entitled to damages, declaratory relief, and other relief as a result.

59. Defendants dispute those contentions.

60. A judicial declaration is necessary and appropriate at this time to resolve the parties' actual controversy and to determine their respective rights and obligations.

**SIXTH CAUSE OF ACTION**

**NEGLIGENCE / NEGLIGENT BAILMENT**

**PLEADED IN THE ALTERNATIVE AGAINST ALL DEFENDANTS**

61. Plaintiff incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

62. At various times relevant herein, including after FedEx communicated termination or removal directives at certain locations, Plaintiff's equipment, inventory, camera systems, kiosks, and related property remained on FedEx-controlled premises with FedEx's knowledge.

63. By virtue of FedEx's control over the premises, its communications regarding pickup and removal, and its assumption of control over access to the locations, FedEx owed Plaintiff a duty to exercise reasonable care with respect to Plaintiff's property and not to damage, lose, misplace, dispose of, or permit unauthorized interference with that property.

64. FedEx breached that duty by failing to safeguard Plaintiff's property, failing to provide reasonable access for retrieval, failing to account for property left on site, and/or allowing property to be lost, damaged, or not returned.

65. As a direct and proximate result of that negligence, Plaintiff suffered loss of equipment, loss of camera-system property, diminution in value, loss of use, and related damages according to proof.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general, compensatory and consequential damages according to proof;
2. For expectation damages, reliance damages, and consequential damages according to proof;
3. For contract buyout damages, unpaid amounts, and all other sums due under the Ontario Agreement and other FedEx location agreements, according to proof;
4. For the value of converted, lost, damaged, withheld, or diminished equipment, systems, fixtures, loss of use, removal, reinstallation, storage, components, property damages, and inventory according to proof;
5. For prejudgment interest at the maximum rate permitted by law;
6. For a declaration of the parties' rights and obligations under the Ontario Agreement and other FedEx location agreements, including that FedEx's conduct constituted breach and/or wrongful interference as alleged herein;
7. For attorney's fees and costs of suit as permitted by contract, statute, or other applicable law;
8. For costs of suit incurred herein; and

9. For such other and further legal or equitable relief as the Court deems just and proper.

Dated: July 30, 2026 LAW OFFICES OF PAUL P. CHENG

Paul P. Cheng
Kenneth Leong
*Attorneys for Plaintiff*
*BLUEVISTA INTERNATIONAL, LLC*
*dba WORLD CLASS VENDING*

**PROOF OF SERVICE**

BlueVista International, LLC dba World Class Vending, v. FedEx Corporation, et al.
U.S. Central District of California Court Case No.: 5:25-cv-03483

State of California }
County of Los Angeles }

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and am not a party to the within action; my business address is 790 E. Colorado Blvd., Ste 700, Pasadena, CA 91101. On the date herein below specified, I served the foregoing copies thereof enclosed in sealed envelopes, at Pasadena, California, addressed as follows:

Date of Service: July 30, 2026
Document(s) Served: **FIRST AMENDED COMPLAINT**

Parties Served:

Frederic G. Nicola (SBN 309647)
2601 Main Street, Suite 1100
Irvine, California 92614
Email: frederic.nicola@fedex.com

Christopher M. Ahearn (SBN 239089)
3620 Hacks Cross Rd., Bldg. B-3
Memphis, Tennessee 38125
Email: christopher.ahearn@fedex.com
Attorneys for defendant FEDERAL EXPRESS CORPORATION

X with the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth above.

X (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X (Federal) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Pasadena, California on July 30, 2026

Shelley Chen